| ANTHONY T. STRAUGHTER, | * | NO. 2023-CA-0480 |
| DERON ALEXANDER AND | | |
| RUSSELL BICKHAM | * | COURT OF APPEAL |
| | | |
| VERSUS | * | FOURTH CIRCUIT |
| | | |
| OCCIDENTAL FIRE & | * | STATE OF LOUISIANA |
| CASUALTY COMPANY OF | | |
| NORTH CAROLINA, THE | * | |
| TRINITY SYSTEM INC., AND | | |
| AARON MATTHEW WHITE | * | |

* * * * * * *

CONSOLIDATED WITH:                                    CONSOLIDATED WITH:

DE'MYRON ALEXANDER                                    NO. 2023-CA-0481

VERSUS

WILSHIRE INSURANCE
COMPANY AND MATTHEW
WHITE

PAB BROWN, J., DISSENTS WITH REASONS

I respectfully dissent from the majority's conclusion. I find that entertaining the instant appeal at this procedural juncture is premature. The basis of the Appellants' motion to continue was predicated on time to render judgment on the Appellants' petition to annul the February 28, 2023 consent judgments. Armed with specific allegations of fraud, the district court arguably abused its discretion by failing to grant the motion to continue. However, as the majority notes, a judgment has now been rendered. In a March 7, 2024 ruling, the district court denied the Appellants' claims of fraud on the basis that the claims were perempted. In the absence of vacating *that* judgment, there is no utility in granting a continuance. In short, I find the motion to continue is now moot. Furthermore, the March 7, 2024 judgment was timely appealed by the Appellants and will be considered by this Court in due course; thus, the district court has been divested of jurisdiction in that matter and this is where I find the prematurity in this appeal lies. Finally, even assuming that it would be procedurally permissible for the

Appellants to file a second petition to annul on the basis of fraud, the one-year peremptive period provided for in La. C.C.P. art. 2004 has now unquestionably lapsed, leaving the Appellants without any meaningful remedy. In the interest of judicial efficiency and preserving the dignity of our judicial system, I would stay this appeal until such time as a disposition has been reached by this Court regarding the March 7, 2024 judgment, which maintained the Appellees' exception of peremption and dismissed the Appellants' petition to annul with prejudice.